## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BARBARA CHRISTMAS, IN HER CAPACITY AS LEGAL TUTOR AND ON BEHALF OF T.C AND A.C.; ALONG WITH SHERIKA MOORE, LATYRA CHRISTMAS, AND DEXTER CHRISTMAS, JR.** <br><br> **(HEIRS OF DEXTER CHRISTMAS, SR.)** <br><br> **VERSUS** <br><br> **THE CITY OF SHREVEPORT, OFFICERS A, B, & C, WILLIE SHAW, AND XYZ INSURANCE COMPANIES (INSURANCE PROVIDERS FOR THE AFOREMENTIONED DEFENDANTS)** | **CIVIL ACTION NO.** |

## <u>COMPLAINT</u>

### NATURE OF THE ACTION

This action arises under the United States Constitution.  Specifically, the action arises under the Fourth Amendment and the Due Process Clause of the Fourteenth Amendment, and is brought pursuant to 42 U.S.C. §§1983 et seq. and 1988, which establish a federal court remedy for constitutional violations. The action also arises under the Louisiana State Constitution, specifically Articles I §§2 and 5.  The action is also brought under the general tort principles set forth in the Louisiana Civil Code, including, without limitation, Articles 2315 and 2320 and common law tort principles adopted by Louisiana courts.

## STATEMENT OF JURISDICTION

1.

Jurisdiction is conferred upon this court by the provisions of 28 U.S.C. 1343(3), the jurisdictional counterpart of 42 U.S.C. 1983, and 28 U.S.C. 1331. Supplemental jurisdiction is conferred upon this court over the state law claims pursuant to 28 U.S.C. 1367(a).

## PARTIES

2.

Plaintiffs:

**BARBARA CHRISTMAS,** an individual of full age and majority who is domiciled in Louisiana. She is the mother of Dexter Christmas, Sr., and Legal Tutor of T.C. and A.C., minor children of Dexter Christmas, Sr.

**T.C.,** the natural minor child of Dexter Christmas, Sr., who is domiciled in Louisiana with Barbara Christmas (grandmother/legal tutor).

**A.C.,** the natural minor child of Dexter Christmas, Sr., who is domiciled in Louisiana with Barbara Christmas (grandmother/legal tutor).

**SHERIKA MOORE,** the natural child of Dexter Christmas, Sr., who is believed to be domiciled in Louisiana.

**LATYRA CHRISTMAS,** the natural child of Dexter Christmas, Sr., who is believed to be domiciled in Georgia.

**DEXTER CHRISTMAS, JR.,** the natural child of Dexter Christmas, Sr., who is believed to be domiciled in Georgia.

3.

The defendants are:

> **CITY OF SHREVEPORT through the Shreveport Police Department** [hereinafter "SPD"] is a municipal entity of the State of Louisiana.

> **OFFICER A**   [hereinafter "Officer A"] an unknown but believed to be individual of full age and majority who is believed to be domiciled in the Parish of Caddo, State of Louisiana.  At all times mentioned herein, Officer A was employed by the City Of Shreveport as an officer of the Shreveport Police Department.

> **OFFICER B**   [hereinafter "Officer B"] is an individual of full age and majority who is believed to be domiciled in the Parish of Caddo, State of Louisiana.  At all times mentioned herein, Officer B was employed by the City Of Shreveport as an officer of the Shreveport Police Department.

> **OFFICER C**   [hereinafter "Officer C "] is an individual of full age and majority who is believed to be domiciled in the Parish of Caddo, State of Louisiana.  At all times mentioned herein, Officer C was employed by the City Of Shreveport as an officer of the Shreveport Police Department.

> **WILLIE SHAW** [hereinafter "Shaw"] is an individual of full age and majority who is believed to be domiciled in the Parish of Caddo, State of Louisiana. At all times mentioned herein, Shaw is believed to have been employed by the City Of Shreveport as the Chief of Police for the Shreveport Police Department.

> **XYZ Insurance Company**, an unknown but believed to be foreign insurance company authorized to do and doing business in the State of Louisiana, believed to provide insurance for the aforementioned defendants.

4.

Defendants, Officer A, Officer B, Officer C (collectively, Officers A, B, & C") and Shaw, are sued both in their official and individual capacities.

5.

At all times relevant herein, defendants Officers A, B, C and Shaw, acted under the color of the laws, statues, ordinances, regulations, policies, customs and usages of the State of Louisiana.

6.

On or about May 3, 2014, at approximately 6:15 pm, Dexter Christmas, Sr. ("Christmas") was walking down the 1000 block of Highland Avenue, within the city limits of Shreveport, Louisiana.

7.

At the approximate time and location, Officers A, B & C arrived.

8.

Without warning, explanation, or probable cause, Officers A, B, & C approached Christmas, cursed at him, and then began beating him, which beating continued after Christmas submitted to being handcuffed (with his hands behind his back). Additionally, while handcuffed; at least one of the officers  (A, and/or B, and/or C) deployed a taser on Christmas.

9.

After being beaten, handcuffed (with his hands behind his back) and tased, Christmas stopped breathing.

10.

Officers A, B, & C then proceeded to take Christmas to the local Veterans Administration Hospital, where he was pronounced dead.

## <u>STATEMENT OF CLAIMS:</u>

11.

Plaintiff, Barbara Christmas is the mother of Dexter Christmas, Sr. and Legal Tutor of T.C. and A.C. (the natural children of Christmas) under Louisiana Code of Civil Procedure Article 4063.  Therefore, she is the proper party to file suit on behalf of T.C and A.C. Additional plaintiffs include: Sherika Moore, Latyra Christmas, and Dexter Christmas, Jr., the natural major children of Dexter Christmas, Sr., and are proper parties to file suit on their on behalf.

12.

T.C and A.C., Sherika Moore, Latyra Christmas, and Dexter Christmas, Jr., are the sole surviving family members of Christmas who have the right to bring this action pursuant to Louisiana Civil Code Article 2315.1 in order to recover damages for the injuries sustained by Christmas.

13.

T.C and A.C., Sherika Moore, Latyra Christmas, and Dexter Christmas, Jr., are the sole surviving family members of Christmas who have the right to bring this action pursuant to Louisiana Civil Code Article 2315.2 in order to recover damages for the injuries sustained by the children for the death of Christmas and the corresponding loss of support, loss of society, care and affection, and grief, as well as for funeral expenses.

14.

Defendants are jointly and solidarily liable to plaintiffs for each of the following reasons:

## CLAIMS AGAINST OFFICERS A, B & C

### COUNT I
### Fourth Amendment Violation: Unlawful use of Deadly Force

15.

Plaintiffs incorporate Paragraphs 1 – 14 by reference as though fully set forth herein.

16.

As a direct and proximate result of the above referenced unlawful, excessive, unwarranted, and unprovoked force used upon Christmas by Officers A, and/or B, and/or C, committed under color of law and while using the badge of his authority as an SPD officer, Christmas suffered grievous bodily harm, including death, and was deprived of his clearly established constitutional right to be secure in his person against unreasonable seizure of his person under the Fourth and Fourteenth Amendments to the United States Constitution.

17.

Officers A, and/or B, and/or C could not have reasonably believed that the aforementioned deadly force was consistent with Christmas' clearly established Fourth Amendment rights to be secure in his person against unreasonable seizure of his person, because *inter alia:* (1) no probable cause or even reasonable suspicion existed to believe that Christmas posed a threat of

physical harm to Officers A, and/or B, and/or C; or anyone else; (2) no probable cause existed to believe that Christmas had committed or was about to commit any crime; (3) and because no reasonable law enforcement police officer could have reasonably believed that the use or deadly force; or indeed the use of any force whatsoever, under the non-threatening circumstances facing Officers A, and/or B, and/or C, was consistent with Christmas' clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable seizures.

**COUNT II**
**Fourth Amendment Violation: Unlawful Arrest**

18.

Plaintiffs incorporate Paragraphs 1 – 14 by reference as though fully set forth herein.

19.

Aside from the unlawful, excessive, unwarranted, and unprovoked physical force visited upon Christmas by Officers A, and/or B, and/or C; Officers A, and/or B, and/or C also deprived Christmas -- under color of law and while using the badge of their authority as an SPD officer -- of his clearly established right to be secure in his person against unreasonable seizures under the Fourth and Fourteenth Amendments to the United States Constitution by virtue of an unlawful arrest.

20.

While there was a formal arrest of Christmas; additionally, it is clearly established that an application of physical force by an officer is considered a

seizure for Fourth Amendment purposes. Accordingly, Officers A, and/or B, and/or C subjected Christmas to an unlawful seizure by violently grabbing and taking Christmas to the ground, while kicking, tasing and hitting Christmas, resulting in Christmas' death.

21.

No reasonable law enforcement officer in Officers A, and/or B, and/or C's position could have reasonably believed in the existence of probable cause or even in the existence of reasonable suspicion that Christmas had committed any crime whatsoever, or that the seizure was consistent with Christmas' clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable seizures.

22.

As a direct and proximate result of the above referenced unlawful, excessive, unwarranted, and unprovoked force used upon Christmas by Officers A, and/or B, and/or C, committed under color of law and while using the badge of his authority as an SPD officer, Christmas suffered grievous bodily harm, was deprived of his clearly established right to be secure in his person against unreasonable seizure of his person under the Fourth and Fourteenth Amendments to the United States Constitution.

**COUNT III**
**Substantive Due Process Violation**

23.

Plaintiffs incorporate Paragraphs 1 – 14 by reference as though fully set forth herein.

24.

As a direct and proximate result of the above referenced unlawful, excessive, unwarranted, unprovoked and malicious acts against Christmas by Officers A, and/or B, and/or C, committed under color of law and while using the badge of his authority as an SPD Officer, Christmas suffered grievous bodily harm and was deprived of his clearly established rights to be free from arbitrarily, oppressively, and egregiously exercised government power under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

25.

Specifically, and without limitation, defendant Officers A, and/or B, and/or C's use of deadly force upon Christmas — an unarmed individual — amounts to an abhorrent abuse of power which shocks the conscience, violates decencies of civilized conduct, and interferes with rights implicit in the concept of an ordered society.

26.

Defendants Officers A, and/or B, and/or C could not have reasonably believed that the aforementioned deadly force and conscience-shocking conduct was consistent with Christmas' clearly established Due Process right to be free of arbitrary and oppressive exercises of government power, because *inter alia:* (1) no probable cause existed to believe that Christmas posed a threat of physical harm to the officers or anyone else; (2) no probable cause or reasonable suspicion existed to believe that Christmas had committed or was

about to commit any other type of crime; (3) and because no reasonable law enforcement police officer could have reasonably believed that the use of deadly force; or indeed any force whatsoever, under the non-threatening circumstances facing the defendants, was consistent with Christmas' clearly established Due Process right to be free of arbitrary and oppressive exercises of government power.

## COUNT IV.
## Violations of Article I §5 of the Louisiana State Constitution

27.

Plaintiffs incorporate Paragraphs 1 – 14 by reference as though fully set forth herein.

28.

Article I § 5 of the Louisiana State Constitution establishes the rights of Louisiana's citizens to be "…secure in his person, property, communication, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy…" LSA Const. Art. I § 5.  The Article creates affirmative rights beyond the domain of criminal procedure, and creates a cause of action directly under the Louisiana State Constitution.

29.

For each of the reasons set forth above, which are adopted herein by reference, Defendants Officers A, and/or B, and/or C also violated plaintiffs' clearly established rights protected by Article I § 5 of the Louisiana Constitution.

30.

Specifically Officers A, and/or B, and/or C violated plaintiffs' clearly established state constitutional rights under Article I § 5 of the Louisiana Constitution to be free from unreasonable seizures.

31.

Defendants Officers A, and/or B, and/or C are not entitled to qualified immunity on any of the foregoing state constitutional violations because--for the reasons set forth above--no reasonable officer could have believed that the unlawful use of deadly force, and violence was consistent with Christmas' rights as secured by the Louisiana Constitution, including, without limitation, those rights secured by Article I§5.

**COUNT V**.
**Violations of Article I§2 of the Louisiana State Constitution**

32.

Plaintiffs incorporate Paragraphs 1 – 14 by reference as though fully set forth herein.

33.

For each of the reasons set forth above, which are adopted herein by reference, the outrageous conduct of defendants Officers A, and/or B, and/or C has also violated Christmas' clearly established rights protected by Article I § 2 of the Louisiana State Constitution, which provides that: "No person shall be deprived of life, liberty, or property, except by due process of law." LSA-Const. Art. 1, § 2.

34.

Officers A, and/or B, and/or C are not entitled to qualified immunity on any of the foregoing violation of Article I§2 of the Louisiana State Constitution because--for the reasons set forth above--no reasonable officer could have believed that the unlawful use of deadly force and violence was consistent with Christmas' rights as secured by the Louisiana Constitution, including, without limitation, those rights secured by Article I§2.

## COUNT VI.
## Battery

35.

Plaintiffs incorporate Paragraphs 1 – 14 by reference as though fully set forth herein.

36.

For the foregoing reasons, Officers A, and/or B, and/or C committed an intentional and unpermitted contact with the Christmas' person with the intent to inflict a harmful or offensive contact without the Christmas' consent.

37.

Christmas suffered grievous personal injuries as a result of the Officers A, and/or B, and/or C's battery, which was not pursuant to any lawful arrest or detention of Christmas, and was the product of an unprovoked attack by Officers A, and/or B, and/or C.

## COUNT VII.
## Assault

38.

Plaintiffs incorporate Paragraphs 1 – 14 by reference as though fully set forth herein.

39.

Officers A, and/or B, and/or C intentionally committed acts, which would have put a person, in like or similar circumstances as Christmas, in reasonable apprehension of receiving a battery, and which, in fact, put Christmas in fear of receiving a battery.

40.

Specifically, Officers A, and/or B, and/or C's act of attempting to violently touch and tase Christmas, coupled with the present ability to carry out the threat of grabbing and tasing him, placed Christmas in reasonable apprehension of receiving a battery.

## COUNT VIII
## False Arrest

41.

Plaintiffs incorporate Paragraphs 1 – 14 by reference as though fully set forth herein.

42.

Christmas was restrained against his will, deprived of his freedom in a significant way, and the detention was without a warrant and without legal authority.

43.

Christmas did not freely consent to the detention, was not free to relieve himself of the detention.

44.

Defendants had no reasonable cause to believe that Christmas had committed any offense.

## COUNT IX.
## Intentional Infliction of Emotional Distress

45.

Plaintiffs incorporate Paragraphs 1 – 14 by reference as though fully set forth herein.

46.

Officers A, and/or B, and/or C's conduct as set forth above was extreme and outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized society.

47.

Christmas suffered severe emotional distress as a result of Officers A, and/or B, and/or C's extreme and outrageous conduct, and Officers A, and/or B, and/or C desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct.

## **CLAIMS AGAINST DEFENDANT SHAW:**

### **COUNT I**
### **Constitutional Violations**

48.

Plaintiffs incorporate Paragraphs 1 – 14 by reference as though fully set forth herein.

49.

Chief of Police, Shaw, in his individual capacity, is liable as a supervisory official under 42 U.S.C. §1983 for the following non-exclusive acts:

1.   For his improper and inadequate training of Officers A, and/or B, and/or C;

2.   For his inadequate supervision of Officers A, and/or B, and/or C.

50.

Shaw had actual or constructive knowledge that Officers A, and/or B, and/or C engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens such as Christmas.

51.

Shaw's response to such knowledge was so inadequate as to show deliberate indifference or tacit authorization of such wrongful seizure.

52.

Shaw's acts and omissions were the proximate cause of the injuries suffered by Christmas.

## COUNT II
### Vicarious Liability for Torts of Officers A, and/or B and/or C:

53.

Plaintiffs incorporate Paragraphs 1 – 14 by reference as though fully set forth herein.

54.

At all relevant times herein, Shaw recommend hiring and firing officers, exercised a direct and indirect supervision and control over them, fixed their time and place of work, and generally allocated their responsibilities and assigned their duties.

55.

Shaw is vicariously liable for the tortious acts and omissions of Officers A, and/or B, and/or C (officers under Shaw's direct supervision and control), pursuant to Louisiana Civil Code Article 2320.

## COUNT III
### Negligent Supervision:

56.

Plaintiffs incorporate Paragraphs 1 – 14 by reference as though fully set forth herein.

57.

Shaw had a duty under state law to supervise his officers; Officers A, and/or B, and/or C, in all aspects of their performance, including the manner in which Officers A, and/or B, and/or C observed, or failed to observe,

constitutional standards in carrying out their duties.  Shaw's breach of such duties resulted in the above-referenced injuries to Christmas.

## **CLAIMS AGAINST THE CITY OF SHREVEPORT THROUGH SPD**

### **COUNT I**
### **Constitutional Violations**

58.

Plaintiffs incorporate Paragraphs 1 – 14 by reference as though fully set forth herein.

59.

Defendant, SPD, is liable for the violation of Christmas' substantive due process rights guaranteed by the Fourteenth Amendment to the United States Constitution under for the maintenance of the following non-exclusive unconstitutional policies:

1.  Allowing its officers to commit warrantless seizures unsupported by probable cause or even reasonable suspicion;

2.  Allowing its officers to commit acts of excessive force and unlawful arrests;

3.  Maintaining a policy of deliberate indifference to the civil rights of citizens by failing to train its officers in proper seizure procedures;

4.  Maintaining a policy of deliberate indifference to the civil rights of citizens by failing to train its officers in the proper use of force;

5.  By failing to establish, maintain, or enforce a disciplinary regime sufficient to deter the above referenced acts by rogue officers bent on abusing their authority and the constitutional rights of citizens;

6.  By retaining officers on the force who have demonstrated an inability to employ proper seizure procedures;

7.      By retaining officers on the force who unlawfully used deadly force while acting under the color of law; and

8.      The maintenance of the other unconstitutional policies actionable under 42U.S.C. §1983 and *Monell v. Department of Public Services* 436U.S. 658 (1978).

60.

As a direct and proximate result of the maintenance of the above-referenced unconstitutional policies by SPD, Christmas suffered grievous bodily harm and was deprived of his clearly established rights to be free from arbitrarily, oppressively, and egregiously exercised government power under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

**COUNT II**
**Vicarious Liability for Torts of Officers A, and/or B and/or C and Shaw:**

61.

Plaintiffs incorporate Paragraphs 1 – 14 by reference as though fully set forth herein.

62.

At all relevant times herein, SPD hired and fired officers, exercised a direct and indirect supervision and control over them, fixed their time and place of work, and generally allocated their responsibilities and assigned their duties.  Upon information and belief, SPD disbursed the allocated funds and paid most of the salaries of the officers with these funds.  Accordingly, SPD is the employer of defendants Officers A, and/or B, and/or C and Shaw.

63.

SPD is vicariously liable for the acts and omissions of Officers A, and/or B, and/or C and/or SHAW pursuant to Louisiana Civil Code Article 2320.  The acts and omissions of Officers A, and/or B, and/or C and/or Shaw were committed as they were acting in the course and scope of their employment as law enforcement officers for SPD.   Their unconstitutional actions were incidental to their performance of their duties as law enforcement officers.

**<u>WRONGFUL DEATH AND SURVIVAL ACTION</u>**

64.

As a result of the foregoing, Christmas was caused to sustain severe injuries, including multiple taser wounds which resulted in numerous hemorrhages; injuries to the muscles, ligaments, tendons, blood vessels and other structures of his body; and injuries to the nervous system and psyche. Further, as a result of the above described incident, Christmas has been caused to suffer severe physical pain and keen mental anguish; all in an amount deemed reasonable in the premises.

65.

Further as a result of the foregoing, T.C and A.C., Sherika Moore, Latyra Christmas, and Dexter Christmas, Jr., have suffered a lifetime loss of support, loss of society, care, and affection, and grief.

**DEMAND FOR TRIAL BY JURY**:

Plaintiffs hereby demand a trial by jury.

**DEMAND FOR PUNITIVE DAMAGES**

Plaintiffs, Barbara Christmas, on behalf of T.C and A.C., along with Sherika Moore, Latyra Christmas, and Dexter Christmas, Jr., are entitled to an award of punitive damages against each of the defendants sued in their individual capacities, for their knowing, intentional, malicious acts and omissions, or in the alternative, for their reckless disregard of, and indifference to, the rights of Christmas.

**DEMAND FOR ATTORNEY'S FEES AND COSTS:**

Plaintiffs, Barbara Christmas, on behalf of T.C and A.C., along with Sherika Moore, Latyra Christmas, and Dexter Christmas, Jr., are entitled to an award of all costs, including reasonable attorneys' fees pursuant to 42 U.S.C. §1981.

**DEMAND FOR JUDGMENT**

WHEREFORE, plaintiffs, Barbara Christmas, on behalf of T.C and A.C., along with Sherika Moore, Latyra Christmas, and Dexter Christmas, Jr., are pray for:

1.  An award of compensatory damages against each defendant jointly and solidarily, for Christmas' personal injury, pain and suffering, emotional distress, loss of enjoyment of life.

2.  An award of compensatory damages against each defendant jointly and solidarily, for the death of Christmas and the corresponding loss of support, loss of society, care, and affection, and grief as well as for funeral expenses.

3.      An award of punitive damages against each of the defendants sued in their individual capacities, for their knowing, intentional, malicious acts and omissions, or in the alternative, for their reckless disregard of, and indifference to, the rights of Christmas.

4.      An award of all costs of this action, against each defendant jointly and solidarily, including reasonable attorney's fees.

5.      For all other equitable and general relief.


Respectfully Submitted:

*Jordan Law Group, L.L.C.*


/s/ Edmond D. Jordan
Edmond D. Jordan
La. Bar Roll No: 25429
Post Office Box 490
Brusly, LA 70719
(225) 590-5957