UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

BARBARA CHRISTMAS, ET AL.　　　CIVIL ACTION NO. 5:15-CV-01509

VERSUS　　　JUDGE ELIZABETH FOOTE

CITY OF SHREVEPORT, ET AL.　　　MAGISTRATE JUDGE HORNSBY

### INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF, BARBARA CHRISTMAS ON BEHALF OF MINOR CHILDREN T.C. AND A.C.

**TO:　Barbara Christmas**
**and on behalf of the minor children**
**A.C. and T.C.**
through their attorney of record

Mr. Edmond Jordan
Post Office box 490
Brusly, LA 70719

**YOU ARE HEREBY REQUESTED** to answer the following written interrogatories, categorically and under oath and to respond to the requests for production and the answers and responses duly signed by you shall be served on attorneys for defendants, Jennifer P. McKay, Colvin, Smith & McKay, 900 Market Street, Suite 300, Shreveport, Louisiana 71101, within the delays and in the manner prescribed by law.

**YOU ARE HEREBY NOTIFIED** these interrogatories and requests are to be deemed continuing and require amendment and supplementation of your responses.

### DEFINITIONS AND INSTRUCTIONS

1.　"Document" or "documents" means, without limitation, any written, recorded, filmed or graphic material, whether produced, reproduced or on paper, cards, tape, film, email, text messages,

EXHIBIT
*A*

electronic facsimile, computer storage device or any other media, including, but not limited to, memoranda, notes, minutes, records, photographs, correspondence, telegrams, diaries, bookkeeping entries, financial statements, tax returns, checks, check stubs, report, studies, charts, graphs, statements, handwritten notes, applications, agreements, books, pamphlets, periodicals, appointment calendars, records or recordings of oral conversations, work papers and also including, but not limited to, originals and all copies which are difference in any way from the originals, whether by interlineation, receipt stamp, notation, indication of copies sent to or received or otherwise, and drafts which are in the possession, custody or control of present or former agents, representatives or attorneys of Plaintiff or any and all persons acting on their behalf, including documents at any time in the possession, custody or control of such individuals or entities known by Plaintiff to exist.

2.      "Identify," or any synonym thereof, when used in connection with a natural person, means to state the person's full name, address and telephone number, present or last known business address and telephone number, present or last known position in business or government, and the position in business or government at the time for which the interrogatory has reference.

When used in connection with a non-natural entity, "identify," or any synonym thereof, means to state its name, business address, type of business organization and business telephone number.

When used in connection with a document or any other inanimate object, "identify," or any synonym thereof, means to describe the nature of the document, to state the date on which the document was prepared, mailed or received (whichever is appropriate), and to identify any person referenced in the document.

3.      The "incident" refers to the actions occurring on May 3, 2014, at or around the 1000 block of Highland Avenue, located in Shreveport, Caddo Parish, Louisiana involving Dexter Christmas, Sr. and members of the Shreveport Police Department and which is the subject of this lawsuit.

4.      "Person" includes natural persons and all private and government organizations and their representatives and agents.

5.      "You" means Barbara Christmas, plaintiff.

Where applicable, please provide information responsive to each interrogatory and/or request as to you, as well as the minor children A.C. and T.C., or any other person for whom you are making a claim for damages in this lawsuit.

**INTERROGATORY NUMBER 1:**

As to you, A.C. and T.C., minor children, please state each individuals full name, current address, date of birth, social security number and driver's license number and state of issuance.

**INTERROGATORY NUMBER 2:**

State the full name, date of birth, social security number and residential address at the time of death for Dexter Christmas, Sr.

**INTERROGATORY NUMBER 3:**

State the complete marital history of Dexter Christmas, Jr., including for each separate marriage:

A.      The date and place of marriage;

B.      His spouse's full name and current/last known address;

C.      The date and reason the marriage was terminated; and,

3

     D.     If the marriage ended in divorce, the date the divorce was granted, the court in which the divorce was granted, and the caption and number of the divorce proceeding.

**INTERROGATORY NUMBER 4:**

State the name, ages and current/last known address of all of Dexter Christmas Sr.'s children.

**INTERROGATORY NUMBER 5:**

State the complete educational history for A.C., including for each separate school or program of instruction attended:

     A.     The name, address and dates of attendance of each school;

     B.     The grade completed and degrees earned in each school; and,

     C.     The reason for leaving each school.

**INTERROGATORY NUMBER 6:**

State the complete educational history for T.C., including for each separate school or program of instruction attended:

     A.     The name, address and dates of attendance of each school;

     B.     The grade completed and degrees earned in each school; and,

     C.     The reason for leaving each school.

**INTERROGATORY NUMBER 7:**

State the complete educational history for Dexter Christmas, Sr., including for each separate school or program of instruction attended:

     A.     The name, address and dates of attendance of each school;

     B.     The grade completed and degrees earned in each school; and,

     C.     The reason for leaving each school.

**INTERROGATORY NUMBER 8:**

State the names and addresses of each doctor, hospital, physician, physician assistant, psychiatrist, psychologist, eye doctor, therapist, counselor, social worker or any other health care provider consulted by **Dexter Christmas, Sr.** for any reason whatsoever within the last ten (10) years.  For each identified, please give the following information:

A. An itemization of the date of treatment, consultation or examination;

B. The reason for the treatment, consultation or examination;

C. Whether she engaged these services or whether someone else did and, if so, the name and address of that other party; and,

D. Whether any written report or reports were rendered concerning the examinations, consultations or treatment, and if so, state the date or dates of each such report.

**INTERROGATORY NUMBER 9:**

State the name and address of each doctor, physician, physician assistant, hospital, psychiatrist, psychologist therapist, counselor, social worker, or other health care provider, pastor, preacher or any other religious/spiritual person with whom **you, A.C. or T.C.** has conferred or consulted for any reason, since the incident giving rise to this lawsuit. For each identified, please give the following information:

A. An itemization of the date of treatment, consultation or examination;

B. The reason for the treatment, consultation or examination;

C. Whether you engaged these services or whether someone else did and, if so, the name and address of that other party; and,

5

    D.      Whether any written report or reports were rendered concerning the examinations, consultations or treatments and if so, state the date or dates of each report.

**INTERROGATORY NUMBER 10:**

Are you seeking recovery on behalf of the estate of Dexter Christmas, Sr. for any medical or funeral expenses?

**INTERROGATORY NUMBER 11:**

If your answer to Interrogatory Number 10 is yes, then list all past medical and funeral expenses which you are seeking to recover in this lawsuit, together with the date of the expense and the person to whom payment is due. If any of these expenses have been paid, please indicate the date of the payment and the name of the insurance company or other third party that provided the funds necessary to make the payment.

**INTERROGATORY NUMBER 12:**

Are you seeking th recover on your own behalf or on the behalf of A.C. or T.C. any medical expenses including but not limited to any type of mental care treatment expenses?

**INTERROGATORY NUMBER 13:**

If your answer to Interrogatory Number 12 is yes, then list all past medical expenses which you are seeking to recover in this lawsuit, together with the date of the expense and the person to whom payment is due. If any of these expenses have been paid, please indicate the date of the payment and the name of the insurance company or other third party that provided the funds necessary to make the payment.

**INTERROGATORY NUMBER 14:**

Prior to the incident had you, A.C. or T.C. ever been examined or treated by medical personnel, psychiatrist, psychologist, therapist, counselor, pastor, preacher to religious leader with reference to your mental condition or your relationship with Dexter Christmas, Sr.? If so, please give the following information:

A.      The name and address of the individual consulted or providing examination or treatment;

B.      The date or dates on which the examination, treatment or consultation occurred;

C.      The nature of the treatment, examination or consultation.

**INTERROGATORY NUMBER 15:**

Itemize all expenses you expect to incur in the future on your behalf or on the behalf of A.C. or T.C. as a result of the incident, together with the basis for your expectation.

**INTERROGATORY NUMBER 16:**

List all lost wages or income you are seeking to recover in this lawsuit on behalf of Dexter Christmas, Sr. or the estate of Dexter Christmas, Sr., together with the periods for which the earnings, salaries, income or wages are allegedly due.

**INTERROGATORY NUMBER 17:**

List all lost wages, income or financial support you are seeking to recover on your own behalf in this lawsuit together with the periods for which the earnings, salaries or wages are allegedly due.

**INTERROGATORY NUMBER 18:**

List all lost wages, income or financial support you are seeking to recover on behalf of A.C.

and T.C. in this lawsuit together with the periods for which the eranings, salaries or wages are allegedly due.

**INTERROGATORY NUMBER 19:**

Please state the full name and last known address, giving the street number, city, and state, of every witness known to you or to your attorneys who has any knowledge regarding the facts and circumstances surrounding the happening of the incident referred to in the complaint or your alleged injuries, including, but not limited to, eyewitnesses to such event, as well as medical and other expert witnesses and other persons having any knowledge thereof.

**INTERROGATORY NUMBER 20:**

Please state whether any photographs or videotapes have been taken relative to your lawsuit. If so, please identify each as follows:

    (a)    Name and address of photographer;

    (b)    Date or dates photographs or videotapes were taken;

    (c)    Number of photographs or videotapes taken;

    (d)    Name and address of person presently having possession of negatives;

    (e)    Name and address of person presently having possession of prints of photographs; and

    (f)    Name and address of person presently having possession of any videotapes.

**INTERROGATORY NUMBER 21:**

Please identify and describe each and every diagram, drawing, plat, test, inspection, measurement, model or exhibit taken, performed or prepared in connection with your lawsuit. As to each such diagram, drawing, plat, test, inspection, measurement, model or exhibit, please state:

(a)     Name and address of the individual preparing the diagram, drawing, plat, model or exhibit;

(b)     The date the diagram, drawing, plat, model or exhibit was prepared;

(c)     Name and address of the individual conducting any test(s) or obtaining any measurements;

(d)     The date any test(s) was conducted or any measurements were obtained; and

(e)     Name and address of the person presently having possession of any diagrams, drawings, plats, test results, inspection results, measurements, models or exhibits.

**INTERROGATORY NUMBER 22:**

Please identify each person whom you expect to call as a witness at the trial of this case by name and address, and, as to each such witness, please give a general description of the testimony you expect to elicit from the witness.

**INTERROGATORY NUMBER 23:**

Please state whether any of the witnesses listed in your answer to Interrogatory Number 19 have given statements.  If so, please identify each as follows:

(a)     Name of the witness giving the statement;

(b)     Date of the statement(s);

(c)     Name and address of person taking the statement(s); and

(d)     Whether the statement(s) is written, or recorded.

**INTERROGATORY NUMBER 24:**

Please identify each person whom you expect to call as an expert witness at the trial by name, qualification, and address; and please state:

(a)     The subject matter on which the expert is expected to testify;

9

(b)     The substance of the facts to which the expert is expected to testify;

(c)     The substance of the opinions to which the expert is expected to testify; and

(d)     A summary for the grounds for each opinion.

**INTERROGATORY NUMBER 25:**

Please state what factual information has been furnished to each expert for his or her study, examination, or review, when such information was furnished, and by whom.

**INTERROGATORY NUMBER 26:**

Please state whether the said experts have formed opinions or conclusions, and, if so, when. Also, please state whether the said experts have reported on their findings, conclusions, or opinions, and, if so, please describe each report by author and date.

**INTERROGATORY NUMBER 27:**

Please state whether you have consulted, retained, or specially employed any other expert who you do not expect to be called as a witness at the trial, and, if so, please state:

(a)     His or her name and address;

(b)     His or her qualifications;

(c)     When he or she was consulted, retained, or specially employed;

(d)     By whom he or she was consulted, retained, or specially employed; and

(e)     Whether he or she has reported his or her findings, opinions, and/or conclusions, and, if so, the date thereof, to whom any such report was made, and the form of any such report, whether written, oral, or otherwise.

**INTERROGATORY NUMBER 28:**

Please state whether you have any statements taken from any defendant or any employee, agent, representative or relative of any defendant.  If so, please identify each as follows:

(a)     Name of the witness giving the statement(s);

(b)     Date of the statement(s);

(c)     Name and address of person taking statement(s); and

(d)     Whether statement(s) is written, or recorded.

**INTERROGATORY NUMBER 29:**

State the total amount of damages, including itemized special damages, that you are seeking on your own behalf or on the behalf of minors, A.C. or T.C.

**INTERROGATORY NUMBER 30:**

State the total amount of damages, including itemized special damages, that you are seeking on behalf of Dexter Christmas, Sr. or the estate of Dexter Christmas, Sr.

**INTERROGATORY NUMBER 31:**

List and describe each and every document, record, photograph or tangible object of any kind upon which you believe supports or could disprove the allegations in your complaint, including but not limited to, your injuries, damages and/or losses.

**INTERROGATORY NUMBER 32:**

Have you ever been a party to any civil litigation of any nature? If so, state the nature of the litigation, the caption and number of the proceeding, the court in which the proceeding was filed, the date of filing, and the disposition of the proceeding.

**INTERROGATORY NUMBER 33:**

Have you ever been arrested? If so, state the date and place of the arrest, the name of the public body making the arrest, the charges upon which the arrest was based, and the disposition of the charges.

## INTERROGATORY NUMBER 34:

Have you ever been convicted of any crime? If so, state the date of conviction, the court in which the conviction was had, the caption of those court proceedings, the nature of the offense, and the sentence imposed.

## REQUEST FOR PRODUCTION OF DOCUMENTS NUMBER 1:

Please produce all reports identified in your answer to Interrogatory Number 8.

## REQUEST FOR PRODUCTION OF DOCUMENTS NUMBER 2:

Please produce all reports identified in your answer to Interrogatory Number 9.

## REQUEST FOR PRODUCTION OF DOCUMENTS NUMBER 3:

Please sign and return with your answers to these interrogatories the attached HIPAA Compliant Medical Authorization.

## REQUEST FOR PRODUCTION OF DOCUMENTS NUMBER 4:

Please produce all reports, notes and records related to any treatment or examine identified in Interrogatory Number 12.

## REQUEST FOR PRODUCTION OF DOCUMENTS NUMBER 5:

Please produce all reports, notes and record related to any treatment or examine identified in Interrogatory Number 14.

## REQUEST FOR PRODUCTION OF DOCUMENTS NUMBER 6:

Please produce copies of all statements or bills for the medical and funeral expenses you claim are a result of the incident sued upon whether claimed on your own behalf or on behalf of Dexter Christmas, Sr. or his estate.

**REQUEST FOR PRODUCTION OF DOCUMENTS NUMBER 7:**

Please produce copies of any and all documents supporting your answer to Interrogatory Number 16.

**REQUEST FOR PRODUCTION OF DOCUMENTS NUMBER 8:**

Please produce copies of any and all documents supporting your answer to Interrogatory Number 17.

**REQUEST FOR PRODUCTION OF DOCUMENTS NUMBER 9:**

Please produce copies of any and all documents supporting your answer to Interrogatory Number 18.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO 10:**

Please attach to your answers to these interrogatories legible, and where appropriate color, copies of all photographs, videotapes, diagrams, drawings, plats, tests, inspections, measurements, models or exhibits referred to in your answers to Interrogatories Numbers 20 and 21 or produce the originals thereof for inspection and copying within the delays provided by law in the offices of counsel for defendant.

**REQUEST FOR PRODUCTION OF DOCUMENTS NUMBER 11:**

Please attach to your answers to these interrogatories any documents or reports referred to in your answers to Interrogatories Numbers 24 and 25.

**REQUEST FOR PRODUCTION OF DOCUMENTS NUMBER 12:**

Please attach to your answers to these interrogatories copies of all statements taken from or given by any witness in this matter including but not limited to any statement of any defendant, employee of defendant, or representative of any defendant.

## REQUEST FOR PRODUCTION OF DOCUMENTS NUMBER 13:

Please produce any and all documents, records, photographs, invoices, or tangible items which support your damage claims.

## REQUEST FOR PRODUCTION OF DOCUMENTS NUMBER 14:

Please produce any records giving you tutorship over A.C. and/or T.C.

Respectfully submitted,

**COLVIN, SMITH & McKAY**
Attorneys for the City of Shreveport and Chief Shaw

BY: _____

JENNIFER P. McKAY Bar No. 26999
900 Market Street, Suite 300
Shreveport, LA 71101
Telephone: (318) 429-6770
Telecopier: (318) 429-6771

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing has been this date served upon the following:

Mr. Edmond D. Jordan
PO Box 490
Brusly, Louisiana 70719

by depositing a photocopy of the same in the United States Mail, postage properly affixed thereto.

Shreveport, Louisiana, on this the __17__ day of June, 2016.

_____
OF COUNSEL

14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

BARBARA CHRISTMAS, ET AL.                 CIVIL ACTION NO. 5:15-CV-01509

VERSUS                                    JUDGE ELIZABETH FOOTE

CITY OF SHREVEPORT, ET AL.                MAGISTRATE JUDGE HORNSBY

## **VERIFICATION**

STATE OF _____

PARISH OF _____

    BEFORE ME, the undersigned authority, personally came and appeared Barbara Christmas,

who, after having been duly sworn by me, did depose and say that the above and foregoing answers

to interrogatories and responses to requests for production are true and correct to the best of her

knowledge, information and belief.

                                      _____

                                      BARBARA CHRISTMAS

    SWORN TO AND SUBSCRIBED before me, Notary Public, on this the _____ day of

_____, 2016.

                   _____
                            Notary Public
               Notary Name: _____
               Notary Number: _____

## HIPAA COMPLIANT MEDICAL AUTHORIZATION
(Authorization is compliant with the HIPAA Privacy Regulations, 45 CFR§§160 and 164)

Patient name:   Barbara Christmas

Date of birth: _____

Social Security No.: _____

I.    **Authorization for** _____
      **to disclose my health care information.**

II.   **You may disclose the following health care information:** all health care information in
      your possession, including billing records

      **NOTE:**      Specific authorization to release information regarding the following
                     specially-protected health conditions:

      I authorize release of information regarding:    **HIV/AIDS**
      I authorize release of information regarding:    **Mental Health**
      I authorize release of information regarding:    **Substance Abuse**
      I authorize release of information regarding:    **Psychotherapy Notes**

III.  **You may disclose this health information to:**

      Name (or title) and organization: Colvin, Smith & McKay
      Address: 900 Market Street, Suite 300  City: Shreveport    State: LA  Zip: 71101

IV.   **Purpose of this authorization**        CIVIL LITIGATION

V.    **This authorization ends:**        on _____, 180 days from the date
                                          the form is signed.

VI.   **My rights:**

      •       I understand that I do not have to sign this authorization in order to get health care
              benefits (treatment, payment, enrollment, or eligibility). (45 CFR §§ 164.508(b)(5)
              and 164.508(c)(2)
      •       I may revoke this authorization in writing by sending a letter to the health care
              provider to whom the authorization is directed.  If I did, it would not affect any
              actions already taken by the health care provider based upon this authorization.  I
              may not be able to revoke this authorization if its purpose was to obtain insurance.
              (45 CFR §§ 164.508(b)(5) and 164.508(c)(2)
      •       I understand that once the health care provider discloses my health information, the
              person or entity that receives it, may re-disclose it.  The HIPAA Privacy laws may no
              longer protect it.  (45 CFR §§ 164.508(c)(2))
      •       I understand that this authorization is for the release of medical records only and does

not authorize verbal communications by health care provider to the person or entity
to whom the records may be released.  (La. Code Civ. Proc. Art. 1465.1)

_____

Patient

_____

Date

_____

Individual legally authorized to sign on
behalf of the patient

_____

Representative's authority to act for patient

## HIPAA COMPLIANT MEDICAL AUTHORIZATION
(Authorization is compliant with the HIPAA Privacy Regulations, 45 CFR§§160 and 164)

Patient name: _____     Date of birth: _____

Social Security No.: _____

I.      **Authorization for** _____
        **to disclose my health care information.**

II.     **You may disclose the following health care information:** all health care information in
        your possession, including billing records

        **NOTE:**        Specific authorization to release information regarding the following
                      specially-protected health conditions:

        **I authorize release of information regarding:**      **HIV/AIDS**
        **I authorize release of information regarding:**      **Mental Health**
        **I authorize release of information regarding:**      **Substance Abuse**
        **I authorize release of information regarding:**      **Psychotherapy Notes**

III.    **You may disclose this health information to:**

        Name (or title) and organization: Colvin, Smith & McKay
        Address: 900 Market Street, Suite 300  City: Shreveport    State: LA  Zip: 71101

IV.     **Purpose of this authorization**        CIVIL LITIGATION

V.      **This authorization ends:**        on _____, 180 days from the date
        the form is signed.

VI.     **My rights:**

      •     I understand that I do not have to sign this authorization in order to get health care
            benefits (treatment, payment, enrollment, or eligibility). (45 CFR §§ 164.508(b)(5)
            and 164.508(c)(2)

      •     I may revoke this authorization in writing by sending a letter to the health care
            provider to whom the authorization is directed.  If I did, it would not affect any
            actions already taken by the health care provider based upon this authorization.  I
            may not be able to revoke this authorization if its purpose was to obtain insurance.
            (45 CFR §§ 164.508(b)(5) and 164.508(c)(2)

      •     I understand that once the health care provider discloses my health information, the
            person or entity that receives it, may re-disclose it.  The HIPAA Privacy laws may no
            longer protect it.  (45 CFR §§ 164.508(c)(2))

      •     I understand that this authorization is for the release of medical records only and does

not authorize verbal communications by health care provider to the person or entity to whom the records may be released. (La. Code Civ. Proc. Art. 1465.1)

_____

Patient

_____

Date

_____

Individual legally authorized to sign on behalf of the patient

_____

Representative's authority to act for patient

## HIPAA COMPLIANT MEDICAL AUTHORIZATION
(Authorization is compliant with the HIPAA Privacy Regulations, 45 CFR§§160 and 164)

Patient name: _____     Date of birth: _____

Social Security No.: _____

I.  **Authorization for** _____
to disclose my health care information.

II.  **You may disclose the following health care information:** <u>all health care information in your possession, including billing records</u>

**NOTE:**  Specific authorization to release information regarding the following specially-protected health conditions:

**I authorize release of information regarding:    HIV/AIDS**
**I authorize release of information regarding:    Mental Health**
**I authorize release of information regarding:    Substance Abuse**
**I authorize release of information regarding:    Psychotherapy Notes**

III.  **You may disclose this health information to:**

Name (or title) and organization: <u>Colvin, Smith & McKay</u>
Address: <u>900 Market Street, Suite 300</u>  City: <u>Shreveport</u>   State: <u>LA</u> Zip: <u>71101</u>

IV.  **Purpose of this authorization**    CIVIL LITIGATION

V.  **This authorization ends:**    on _____, 180 days from the date
the form is signed.

VI.  **My rights:**

- I understand that I do not have to sign this authorization in order to get health care benefits (treatment, payment, enrollment, or eligibility). (45 CFR §§ 164.508(b)(5) and 164.508(c)(2)
- I may revoke this authorization in writing by sending a letter to the health care provider to whom the authorization is directed.  If I did, it would not affect any actions already taken by the health care provider based upon this authorization.  I may not be able to revoke this authorization if its purpose was to obtain insurance. (45 CFR §§ 164.508(b)(5) and 164.508(c)(2)
- I understand that once the health care provider discloses my health information, the person or entity that receives it, may re-disclose it.  The HIPAA Privacy laws may no longer protect it.  (45 CFR §§ 164.508(c)(2))
- I understand that this authorization is for the release of medical records only and does

not authorize verbal communications by health care provider to the person or entity to whom the records may be released.  (La. Code Civ. Proc. Art. 1465.1)

_____

Patient

_____

Date

_____

Individual legally authorized to sign on
behalf of the patient

_____

Representative's authority to act for patient