# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

| | |
|---|---|
| BARBARA CHRISTMAS, ET AL | CIVIL ACTION NO.: 15-1509 |
| v. | JUDGE ELIZABETH ERNY FOOTE |
| CITY OF SHREVEPORT, ET AL | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Pending before the Court is the Motion for Summary Judgment [Record Document 22] filed by Defendants, the City of Shreveport and Willie Shaw. Plaintiffs have not opposed the motion. For the reasons announced below, the motion is **GRANTED**.

## BACKGROUND

Barbara Christmas, in her capacity as legal tutor and on behalf of T.C. and A.C., minor children of Dexter Christmas, Sr., along with Sherika Moore, Latyra Christmas, and Dexter Christmas, Jr., filed this suit against the City of Shreveport, Officers A, B, and C of the Shreveport Police Department (the "Defendant Officers")[1], Willie Shaw as the Chief of

---

[1]The Court held a telephone conference in October 2016. At that conference, the Court noted Plaintiffs' failure to name the Defendant Officers. Record Document 18. Since that date, Plaintiffs have yet to amend their complaint to name any Defendant Officers or to name XYZ Insurance Company. The Court notes that over two years have passed since the filing of this suit, and the Court has already allowed Plaintiffs to delay matters in this litigation. The complaint was filed in May 2015, and in a Rule 26(f) report filed in April 2016, the parties indicated they would need five months to complete discovery. Record Document 11. Also in that report, Plaintiffs noted their intent to amend the complaint, and requested thirty days from the scheduling conference to do so. A scheduling conference was held on May 4, 2016, and the Magistrate Judge issued a scheduling order, setting the discovery deadline for October 31, 2016, and giving Plaintiffs until June 3, 2016, to amend their complaint. Record Document 13.

Police of the Shreveport Police Department, and XYZ Insurance Company, believed to provide insurance for the aforementioned defendants. Plaintiffs' complaint alleges that on May 3, 2014, Dexter Christmas, Sr. ("Christmas") was walking on Highland Avenue in Shreveport, Louisiana when he was approached by the Defendant Officers. The complaint claims that the officers cursed at Christmas, beat him, tased him, and that some of the beating and the tasing occurred after Christmas was in handcuffs. It states that after being beaten, handcuffed, and tased, Christmas stopped breathing and was taken to a local hospital where he was pronounced dead. Plaintiffs' complaint alleges violations of the Fourth and Fourteenth Amendments of the United States Constitution under 42 U.S.C. § 1983. It also raises claims under the Louisiana State Constitution and pursuant to state tort law, including Louisiana Civil Code articles 2315 and 2320.

The only named Defendants, the City of Shreveport ("the City") and Willie Shaw ("Shaw"), filed an answer denying any liability and asserting qualified immunity. Record Document 9. Defendants have since filed this motion for summary judgment seeking to have Plaintiffs' claims dismissed with prejudice. In their motion, Defendants argue that the claims against Shaw must be dismissed because he is entitled to qualified immunity. They claim that the record is devoid of any evidence which would support a constitutional

Thereafter, Plaintiffs filed a motion to extend deadlines in the scheduling order, which was granted. A new discovery deadline was set for March 31, 2017. Plaintiffs never filed a motion to amend their complaint. For these reasons, the Court will dismiss Plaintiffs' claims against the Unknown Officers A, B, and C, and against XYZ Insurance Company, with prejudice. See McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988) ("A district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of court. The court possesses the inherent authority to dismiss the action sua sponte, without motion by a defendant."(citing Fed. R. Civ. P. 41(b))).

violation or show that Christmas was subject to excessive force or an illegal arrest. They further assert that Plaintiffs cannot show any official policy of the City that led to any alleged constitutional violation, nor can Plaintiffs show that any employee of the City is legally responsible for the alleged harm. Plaintiffs have not opposed the motion.

## STANDARD

Federal Rule of Civil Procedure 56(a) directs that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, depositions, and affidavits on file indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548 (1986). When the burden at trial will rest on the non-moving party, the moving party need not produce evidence to negate the elements of the non-moving party's case; rather, it need only point out the absence of supporting evidence. See id. at 322-323.

If the movant satisfies its initial burden of showing that there is no genuine dispute of material fact with the motion for summary judgment, the nonmovant must demonstrate that there is, in fact, a genuine issue for dispute at trial by going "beyond the pleadings"

---

[2] Rule 56 was amended effective December 1, 2010. Per the comments, the 2010 amendment was intended "to improve the procedures for presenting and deciding summary judgment motions and to make the procedures more consistent with those already used in many courts. The standard for granting summary judgment remains unchanged." Therefore, the case law applicable to Rule 56 prior to its amendment remains authoritative, and this Court will rely on it accordingly.

and designating specific facts for support. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). "This burden is not satisfied with 'some metaphysical doubt as to the material facts,'" by conclusory or unsubstantiated allegations, or by a mere scintilla of evidence. Id. (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)). However, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1985) (internal citations omitted); Reid v. State Farm Mut. Auto Ins. Co., 784 F.2d 577, 578 (5th Cir. 1986) (the court must "review the facts drawing all inferences most favorable to the party opposing the motion"). While not weighing the evidence or evaluating the credibility of witnesses, courts should grant summary judgment where the critical evidence in support of the nonmovant is so weak and tenuous that it could not support a judgment in the nonmovant's favor. Little, 37 F.3d at 1075.

Additionally, Local Rule 56.1 requires the moving party to file a statement of material facts as to which it contends there is no genuine issue to be tried. Pursuant to Local Rule 56.2, the party opposing the motion for summary judgment must set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." All material facts set forth in the statement required to be served by the moving party "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." Local Rule 56.2.

## LAW AND ANALYSIS

Plaintiffs' complaint makes three claims against Shaw. The first claim alleges that Shaw is liable under 42 U.S.C. § 1983 as a supervisory official for his alleged improper and inadequate training and supervision of the Defendant Officers. The complaint also makes a claim for negligent supervision brought under state law. Finally, the complaint alleges that Shaw is vicariously liable for the tortious acts of the Defendant Officers under Louisiana Civil Code Article 2320.

"Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." Roberts v. City of Shreveport, 397 F.3d 287, 292 (5th Cir. 2005) (quoting Thompson v. Upshur Cnty., 245 F.3d 447, 459 (5th Cir. 2001)). "To establish § 1983 liability against supervisors, the plaintiff must show that: (1) the police chief failed to supervise or train the officer; (2) a causal connection existed between the failure to supervise or train and the violation of the plaintiff's rights; and (3) the failure to supervise or train amounted to deliberate indifference to the plaintiff's constitutional rights." Id. (citation omitted).

There is nothing in the record indicating that Shaw failed to supervise or train his officers. On the contrary, it is an undisputed fact[3] that officers of the Shreveport Police Department are trained regarding probable cause, and are instructed to arrest only when probable cause exists. Further, officers are trained in the proper use of force and are

---

[3]Because Plaintiffs have not opposed the motion or denied the Defendants' Statement of Undisputed Material Facts [Record Document 22-2], these facts are deemed admitted for purposes of this motion. Local Rule 56.2.

instructed to use only the amount of force they believe is necessary under the circumstances. The officers receive instruction at the Shreveport Police Academy, and are required to attend yearly re-training sessions. Additionally, there is no evidence in the record that Shaw acted with deliberate indifference. See Goodman v. Harris Cty., 571 F.3d 388, 395 (5th Cir. 2009) ("For an official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." (quoting

Smith v. Brenoettsy, 158 F.3d 908, 912 (5th Cir. 1998))); see also Estate of Davis ex rel. McCully v. City of N. Richland Hills, 406 F.3d 375, 383 (5th Cir. 2005) (finding officials entitled to qualified immunity for supervisory liability claim where plaintiffs could not demonstrate deliberate indifference). Accordingly, summary judgment is granted as to Plaintiffs' claims against Shaw brought under section 1983 for inadequate training and supervision.

For these same reasons, the Court grants summary judgment as to Plaintiffs' claim against Shaw for negligent supervision brought under state law. "A claim against an employer for the torts of an employee based on the employer's alleged direct negligence in hiring, retaining, or supervising the employee generally is governed by the same duty-risk analysis used for all negligence cases in Louisiana." Griffin v. Kmart Corp., 00-1334 (La. App. 5 Cir. 11/28/00), 776 So. 2d 1226, 1231. This duty-risk analysis requires proof of duty, breach of duty, cause-in-fact, scope of liability or scope of protection, and damages. Id. For the reasons announced above, and because Plaintiffs have failed to put

forth evidence of Shaw's breach of any alleged duty, the Court grants summary judgment as to this claim.

As to Plaintiffs' claim against Shaw for vicarious liability under Louisiana law, summary judgment is granted on this issue as well. Under Louisiana law, "an employer is liable for its employee's torts committed if, at the time, the employee was acting within the course and scope of his employment." Timmons v. Silman, 1999-3264 (La. 5/16/00), 761 So. 2d 507, 510; see La. Civ. Code art. 2320. If there is no underlying tort, there can be no basis for the imposition of vicarious liability. See Mathieu v. Imperial Toy Corp., 94-0952 (La. 11/30/94), 646 So. 2d 318. Defendants have noted the absence of evidence in the record as to all of Plaintiffs' claims, and specifically as to Plaintiffs' claims against the Defendant Officers. Furthermore, Plaintiffs have put forth no evidence to substantiate their claims involving tortious conduct of the Defendant Officers for which they seek to hold Shaw vicariously liable. Again, Plaintiffs have not opposed Defendants' motion. Therefore, summary judgment is granted as to Plaintiffs' vicarious liability claim against Shaw. For these same reasons, and because Plaintiffs have similarly failed to come forward with any evidence of tortious conduct by Shaw,[4] the Court grants summary judgment as to Plaintiffs' vicarious liability claim against the City.

Plaintiffs also assert a claim against the City for alleged constitutional violations committed by the Shreveport Police Department ("SPD"). The complaint alleges that SPD

---

[4] In addition to the lack of evidence of any failure to train or supervise by Shaw, it is undisputed that Shaw had no personal involvement with Christmas and was not involved in the arrest or detention at issue in this suit. See Record Document 22-2.

maintained a number of unconstitutional policies and, as a result, Christmas suffered harm and was deprived of his constitutional rights.

In Monell v. Department of Social Services, the Supreme Court explained that while municipalities and other local government units cannot be held liable under section 1983 on a respondeat superior theory, they may be held liable for injury inflicted through a policy or custom. Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978). A plaintiff seeking to hold a municipality liable under section 1983 must prove three elements: "(1) a policymaker; (2) an official policy; and (3) a 'violation of constitutional rights whose "moving force" is the policy or custom.'" Mason v. Lafayette City-Parish Consol. Gov't, 806 F.3d 268, 280 (5th Cir. 2015) (quoting Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001)). The Fifth Circuit has defined "official policy" to mean:

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
>
> 2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy.

Id. (quoting Webster v. City of Houston, 735 F.2d 838, 841 (5th Cir. 1984)).

Here, while Plaintiffs have alleged various policies, they have offered no proof to substantiate their claims. Furthermore, not only have Defendants pointed to the absence of supporting evidence for Plaintiffs' Monell claims, they have also responded with the following undisputed facts:

1. It was not the policy or practice of the Shreveport Police Department to arrest without probable cause.

2. Officers of the Shreveport Police Department are trained regarding probable cause, and are instructed to arrest only when probable cause exists.

3. In May 2014 it was not the policy or practice of the Shreveport Police Department to use excessive, unnecessary, or unreasonable force.

4. Officers of the Shreveport Police Department are trained in the proper use of force, and are instructed to only use the amount of force that the officers believe is necessary under the circumstances.

5. All officers receive instruction at the Shreveport Police Academy. All officers who attend the multi-week post training at the Academy are instructed on probable cause, and to only use the force which is necessary under the circumstances presented. During mandatory yearly retraining sessions, a variety of topics are covered including legal updates which can include recent court decisions regarding the law governing arrests and use of force.

6. The use of excessive force is not tolerated by the Shreveport Police Department.

7. All citizen complaints are subject to department review including those concerning wrongful arrests and excessive force.

8. When allegations of wrongful arrest or allegations of excessive force are made, these allegations are investigated and discipline issued where warranted.

Record Document 22-2. These undisputed facts contradict the allegations in Plaintiffs' complaint regarding alleged policies or practices of the SPD. Accordingly, the motion for summary judgment is granted as to Plaintiffs' claims against the City.

## CONCLUSION

In this case, Defendants have met their burden of showing that no genuine dispute of material fact exists, and Plaintiffs have failed to come forward with any evidence of their

claims and have failed to demonstrate any genuine issues of disputed fact for trial. For the foregoing reasons, Defendants' motion for summary judgment is hereby **GRANTED** and Plaintiffs' claims are dismissed with prejudice. Furthermore, Plaintiffs' claims against the Unknown Officers A, B, and C, and against XYZ Insurance Company are dismissed with prejudice.

**THUS DONE AND SIGNED** this ___ day of _____, 2017 in Shreveport, Louisiana.

ELIZABETH E. FOOTE
UNITED STATES DISTRICT JUDGE